FULMER, Judge.
In this appeal, the State challenges the trial court’s order suppressing Ronald De-muynck’s statements made to a polygraph examiner and a detective and statements made in the office of a psychologist. We affirm.
The trial court granted the motion to suppress the statements made to the polygraph examiner and the detective on two grounds: the statements were made while in custody and without the benefit of Miranda [1] warnings, and the statements were coerced. The trial court suppressed the statements Demuynck made in the psychologist’s office as “fruit of the poisonous tree.”
It is undisputed that Demuynck voluntarily submitted to the polygraph examination and was, at all times, free to leave. On appeal, Demuynck does not dispute the State’s contention that he was not in custody during the examination or while being interviewed by the detective afterward. Therefore, the trial court erred by suppressing the statements on the basis of a Miranda violation. See Davis v. State, 698 So.2d 1182, 1188 (Fla.1997) (“Miranda warnings are required whenever the State seeks to introduce against a defendant statements made by the defendant while in custody and under interrogation. Absent one or the other, Miranda warnings are not required.”), cert. denied, 522 U.S. 1127, 118 S.Ct. 1076, 140 L.Ed.2d 134 (1998). Nevertheless, we affirm the suppression of those statements because the record supports the trial court’s additional conclusion that the statements were coerced, and therefore, are not admissible. See Brewer v. State, 386 So.2d 232 (Fla.1980).
The record also supports the trial court’s decision to suppress the statements made in the psychologist’s office as “fruit of the poisonous tree,”[2] because they cannot be sufficiently separated from the pri- or coercion.
Affirmed.
ALTENBERND, A.C.J., and SALCINES, J., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).